IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

Daniel T. McNalley,            Case No. 3:10cv2692

    Plaintiff(s)

 v.                  ORDER

Michael J. Astrue,
Commissioner of Social Security

    Defendant(s)

This is a review of a Magistrate Judge's Report and Recommendation upholding the administrative denial of Social Security disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. Plaintiff Daniel T. McNalley objects to the Report and Recommendation [Doc. 13], which recommends denial of benefits.

Jurisdiction is proper under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Based on a *de novo* review, I adopt the Report and Recommendation.

**Background**

On January 8, 2007, plaintiff filed Title II application for disability. [Tr. 10]. Plaintiff claimed two listed impairments that were to meet or medically equal listings in 20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526. *Id*. The first was Listing 1.04(A), a disorder of the spine; the second was Listing 12.04(A)-(B), an affective disorder. [Tr. 11]. Plaintiff's claimed date of disability onset was November 1, 2005. [Tr. 10].

1

The Social Security Administration (SSA) initially denied his application on May 22, 2007, and did so again upon reconsideration on November 2, 2007. [Tr. 10]. Plaintiff made a written request for a full hearing on December 20, 2007, under 20 C.F.R. § 404.929 *et seq*. *Id*. An Administrative Law Judge (ALJ) held a video hearing on November 12, 2009, 20 C.F.R. § 404.936(c), and again denied plaintiff's application, finding that plaintiff was not disabled under §§ 216(i) and 223(d) of the Social Security Act. [Tr. 20].

Plaintiff appealed the ALJ's ruling to the Appeals Council on January 28, 2010. [Tr. 6]. As a part of that appeal, plaintiff introduced new evidence: a Medical Source Statement and treatment notes from Dr. Bialecki-Haase dated November 9, 2009. [Tr. 5]. The Appeals Council denied review of the ALJ's decision on December 29, 2009. [Tr. 1]

Plaintiff then appealed that ruling to this court. Magistrate Judge James R. Knepp II issued a Report and Recommendation that recommended the ALJ's denial of benefits be affirmed. [Doc. 12]. Plaintiff filed objections to that Report and Recommendation, [Doc. 13], which I now address.

## Standard of Review

District judges review *de novo* those portions of a Report and Recommendation to which objections have been made. Fed. R. Civ. P. 72(b). *De novo* review entails, at minimum, a review of the evidence presented to the Magistrate Judge. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997). If a district judge adopts the Magistrate Judge's Report and Recommendation, it need not state with specificity what it reviewed; that it states it has engaged in a *de novo* review is enough. *Id*.

## Discussion

### 1. Admissibility of New Evidence Submitted to the Appeals Council

Plaintiff argues that SSA regulations required the Magistrate Judge to consider the new evidence he submitted to the Appeals Council. In support of that argument, he cites case law from the Second, Fourth, Fifth, Eighth, Ninth, Tenth and Eleventh Circuits.[1] [Doc. 13, at 2-3].

Notably, plaintiff cites no relevant precedent from the Sixth Circuit. This is because there is none; there is a split between this circuit and those. *Matthews v. Apfel*, 239 F.3d 589, 589 (3rd Cir. 2001). In the Sixth Circuit, a court reviews on appeal the ALJ's decision rather than the Appeals Council's denial of review. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The only manner in which a court in this Circuit may review new evidence submitted to the Appeals Council is if the Appeals Council specifically incorporated it into the administrative record. *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 96 (6th Cir. 1991). In this instance, the Appeals Council did not do so. [Tr. 1-3].

The Magistrate Judge correctly excluded the new evidence that Plaintiff submitted to the Appeals Council.

## 2. Treating Physicians

Plaintiff argues that the Magistrate Judge's use of assessments by non-treating consultants Drs. Sethi and Vasiloff was erroneous, lending undue weight to them and discounting the opinions of plaintiff's treating physicians.

Plaintiff invokes the "treating physician rule," which mandates that courts give greater deference to treating physicians than non-treating physicians. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). The Magistrate Judge, according to plaintiff, gave "great weight" to Drs. Sethi and Vasiloff, despite each seeing plaintiff only once, instead of "controlling weight" to

---

[1] As those cases are inapplicable here, I will refrain from citing them.

plaintiff's treating physicians. [Doc. 13, at 4]. Plaintiff would instead ask that I afford the more favorable opinions of Dr. Fox [Tr. 380-82] and Dr. Bialecki-Haase [Tr. 415-16] controlling weight.[2]

The Magistrate Judge evaluated the statements of plaintiff's treating sources and found substantial support for the ALJ's holding that plaintiff was not disabled. The Magistrate Judge correctly noted that he was permitted to give "great weight" to Drs. Sethi and Vasiloff as "other acceptable medical source(s)". [Doc. 12, at 21 (quoting SSR 96-2P)]. He did so, and also found that, along with Dr. Vasiloff, the bulk of evaluations from plaintiff's treating physicians stated plaintiff was not impaired.

Upon review of the record, I agree with the Judge. There was substantial support in the record from Drs. Damrauer and James, as well as Dr. Vasiloff, to find that plaintiff was neither mentally nor physically impaired sufficient to meet the standards for his claimed disabilities.

### 3. Listed Impairments

Plaintiff argues that the Magistrate Judge did not take into account all of the information before the ALJ when upholding its decision that plaintiff did not meet the qualifications for the listed impairments he claimed.

Plaintiff claimed two impairments. The first was Listing 1.04(A), a musculoskeletal impairment of the spine. Plaintiff seeks to have the November 6, 2009 report of Dr. Bialecki-Haase, which plaintiff submitted to the Appeals Council as an additional exhibit, evaluated as part of the record. As I stated above, the Magistrate Judge - and thus, I - cannot evaluate such evidence after

---

[2] As Dr. Bialecki-Haase's report is not a part of the record, I cannot afford it any weight whatsoever.

the Appeals Council has denied review. Absent that evidence, plaintiff raises no further objection, and so I adopt the Report and Recommendation of the Magistrate on this issue.

The second claimed impairment was Listing 12.04(A)-(B), an affective disorder. Plaintiff argues that Dr. Fox's diagnosis of bipolar disorder and other psychological issues, as well as plaintiff's self-reported panic attacks, are sufficient to prove the impairment.

Upon review of the record, I find that the Magistrate Judge was correct in his assessment that the ALJ had substantial evidence on which to base its conclusion that plaintiff was not disabled by such a disorder.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT:

1. Plaintiff's objections to the Report and Recommendation of the United States Magistrate Judge be, and the same hereby are, overruled; and

2. The Report and Recommendation of the United States Magistrate Judge be, and the same hereby is adopted, with judgment to enter in favor of the defendant.

So ordered.

s/James G. Carr
Sr. United States District Judge
